**Calvin House** (SBN 134902)
calvin.house@gphlawyers.com
GUTIERREZ, PRECIADO & HOUSE, LLP
3020 E. Colorado Boulevard
Pasadena, CA 91107
Tel: 626-449-2300 | Fax: 626-449-2330
Attorneys for Defendant Michael Medina

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX AGUILAR, JR., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendant. | No. 2:17-cv-04382-CBM-MRW<br><br>**Defendant Medina's Opposition to Plaintiffs' Motion in Limine No. 2**<br><br>**Date:** July 17, 2018<br>**Time:** 10:00 a.m. |

**Introduction**

The Plaintiffs ask the Court to bar two of the Defendants experts from testifying about the effects of drugs that their decedent had in his system. Defendant Medina does not intend to have Mark Kroll testify at trial regarding his Opinion No. 6, which is the subject of the Plaintiffs' challenge. The Court should deny the motion with respect to the challenged opinion to be presented by Dr. Vilke.

**Argument**

Fed. R. Evid. 702 provides: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: [¶] (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; [¶] (b) the testimony is based on sufficient facts or data; [¶] (c) the

testimony is the product of reliable principles and methods; and [¶] (d) the expert has reliably applied the principles and methods to the facts of the case. Dr. Vilke's opinion that the Plaintiffs' decedent had drugs that likely caused him to act in an irrational and impulsive manner, contributing to his death satisfied all of those requirements.

**A.     *Dr. Vilke is qualified as an expert by knowledge, skill, experience, training and education.***

The Plaintiffs challenge Dr. Vilke's status on the grounds that he "is not a toxicologist," and it is certainly true that Dr. Vilke testified that he was not a board-certified toxicologist. Lack of board certification is not disqualifying. *Gaydar v. Sociedad Instituto Gineco-Quirurgico y Planificacion Familiar*, 345 F.3d 15, 24 (1st Cir. 2003) ("The proffered expert physician need not be a specialist in a particular medical discipline to render expert testimony relating to that discipline"). See also *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). The question is whether Dr. Vilke has the necessary expertise.

The copy of Dr. Vilke's report that Plaintiffs attached to their motion did not include his curriculum vitae, which describes his credentials. It is attached to this opposition as Exhibit 1. The c.v. shows without question that Dr. Vilke has the credentials to testify about the effect of the drugs found in the decedent's system. He was a reviewer for the Journal of Forensic Toxicology and Pharmacology in 2014 (Ex. 1, p. 8); a Co-Investigator with Edward Castillo for a study entitled, "Point-of-Care Testing for Illicit Drugs and Alcohol Intoxication in an Emergency Room, funded by the National Institute on Drug Abuse through Seacoast Science, Inc., 2013-2015 (Ex. 1, p. 21); an author of "The Role of Subject Intoxication and Other Characteristics in Law Enforcement Use-of-force Incidents" in the Journal for Medical Legal Affairs in 2016 (Ex. 1, p. 48); an author of "Injuries Associated with Law Enforcement Use-of-force Incidents with and without Subject Intoxication. in the Academic Emergency Medicine in 2017 (Ex. 1, p. 74); a

speaker on "Agitated Delirium — Role of Illicit Drug Use in Sudden Restraint Death" at the Western Medical Toxicology Fellowship Conference in 2009 (Ex. 1, p. 83)

Further, in portions of his deposition that the Plaintiffs did not provide, Dr. Vilke testified to his experience in dealing with thousands of meth-using patients brought to an emergency room and to the jail. The pertinent pages from the deposition are attached to this opposition as Exhibit 2.

Based on the credentials shown on his c.v. and the experience testified to at his deposition, Dr. Vilke is qualified to testify regarding the effect of the drugs in the decedent's system on his behavior.

**B.** *Dr. Vilke's specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.*

Although the Plaintiffs take issue with Dr. Vilke's conclusions, they have not established the lack of specialized knowledge. The average juror has not observed thousands of patients brought to an emergency room and to the jail under the influence of drugs. The average juror is not in a position to interpret the toxicology results that appear in the coroner's report. Therefore, it is appropriate for Dr. Vilke to testify to the effects of those drugs based on his expertise.

The *McDowell* case that the Plaintiffs cite does not support their position. There, an inmate offered an expert to testify that a delay in treatment caused the inmate's injuries. Although the actual delay was four hours, the doctor's only scientific support for his opinion that the delay caused the injury was a study that dealt with a delay of 48 hours. *McDowell v. Brown*, 392 F.3d 1283, 1300 (11th Cir. 2004). Therefore, his opinion that earlier treatment was better was not supported by specialized knowledge. Here, by contrast, Dr. Vilke's medical knowledge about the effects of drugs, and his experience in dealing with patients with drugs in their system is a proper basis for an expert opinion.

*C.   Dr. Vilke has reliably applied the principles and methods to the facts of the case.*

Although the Plaintiffs claim the challenged opinion is based only on subjective belief, that is not the case. As a doctor who has dealt with thousands of patients in the emergency room and in custody, Dr. Vilke has offered more than a subjective opinion about the effect of the drugs on the decedent. He has applied his medical expertise. The Plaintiffs' disputes with Dr. Vilke's reasoning and conclusions are matters that can be brought up on cross-examination.

*D.   Dr. Vilke's opinion is relevant.*

Although the Plaintiffs claim that the cause of their decedent's behavior is not relevant, the positions they have taken demonstrate that is not so. Since they challenge Defendant Medina's statement that he thought the decedent was under the influence, the Defendants are entitled to present evidence that his behavior was consistent with having drugs in his system. Since they claim that the decedent was placid until the Taser was deployed, the Defendants are entitled to present evidence to support their position that he was uncooperative and belligerent, characteristics that can be the product of having the drugs in his system. Since they claim that the force used by the Defendants caused the decedent's death, the Defendants are entitled to present evidence that the drugs contributed to his death.

**Conclusion**

There is no basis for barring Dr. Vilke from providing his opinion that the drugs in the decedent's system contributed to his death. The Plaintiffs may make their points about that testimony on cross-examination, and in argument to the jury.

September 18, 2018        GUTIERREZ, PRECIADO & HOUSE, LLP

By: /s/ Calvin House
Attorneys for Defendant Matthew Medina

4